UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEIVI JOANA SANCHEZ MEJIA ,

Petitioner,

v. Case No. 3:26-cv-2289-MMH-SJH

MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER**

Petitioner Leivi Joana Sanchez Mejia, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1). Sanchez Mejia, a citizen of Honduras, entered the United States in November 2021. Id. at 7. On August 26, 2026, United States Immigration and Customs Enforcement detained Sanchez Mejia. Id. Sanchez Mejia challenges her immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 9–17.

The Federal Respondents filed a Response (Doc. 5) asserting that they are now detaining Sanchez Mejia under 8 U.S.C. § 1226(a), and conceding that to the extent she seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th

1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Sanchez Mejia was detained in August 2026, she was not seeking entry at the border; therefore, as the Federal Respondents now concede, she is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Sanchez Mejia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count Two.[1] Within **seven days** of this Order, Respondents shall either afford Sanchez Mejia an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[2] or release her. If Respondents release Sanchez Mejia,

---

[1] Because the Court finds that Sanchez Mejia is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Sanchez Mejia is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count Two, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/14
c:
Counsel of Record